UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARGARET Y WATKINS,

        Plaintiff,

v.                                                Case No: 6:20-cv-214-WWB-LRH

COMMISSIONER OF SOCIAL
SECURITY

        Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)(1) (Doc. 27)**
>
> **FILED:** September 27, 2021
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.  PROCEDURAL HISTORY.**

Prior to filing this case, Margaret Y. Watkins ("Plaintiff") entered into a contingency fee agreement with Eddy Pierre Pierre, Esq., for the purpose of

appealing the Commissioner of Social Security's denial of her claim for benefits under the Social Security Act. (Doc. 30-1). In the event the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Plaintiff past-due benefits, then, under the agreement, Plaintiff agreed to pay Attorney Pierre and his law firm a fee of up to twenty-five percent of the total amount of the past-due benefits ultimately awarded. (*Id.*).

On February 7, 2020, Plaintiff filed a complaint alleging that the Commissioner improperly denied her claim for social security disability benefits. (Doc. 1). After considering the parties' joint briefing (Doc. 20), on January 7, 2021, the Court reversed the final decision of the Commissioner and remanded the case for further proceedings. (Docs. 21, 22). The Clerk of Court entered judgment against the Commissioner and in favor of Plaintiff the following day. (Doc. 23).

Thereafter, Attorney Pierre filed a motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 24). In the motion, Attorney Pierre stated that he and his law firm had spent 39.18 hours on this case. (*Id.*, at 1-2; Doc. 24-2). The Court granted the motion and awarded a total of $7,991.93 in attorneys' fees under the EAJA. (Docs. 25, 26).

On remand, the Commissioner determined that Plaintiff was entitled to disability benefits. (Doc. 30-2). The Commissioner awarded Plaintiff past-due

benefits in the total amount of $55,601.00 and withheld $14,150.25 for the payment of attorneys' fees.   (*Id.*, at 3-4).

In his motion,[1] Attorney Pierre requests that the Court permit him to charge Plaintiff $6,158.32 in attorneys' fees pursuant to 42 U.S.C. § 406(b), which includes an offset for the EAJA fees previously awarded by the Court.[2]   (Doc. 27, at 1).   The motion was referred to the undersigned for issuance of a Report and Recommendation, and the matter is ripe for review.

## II.   APPLICABLE LAW.

Attorney Pierre seeks attorneys' fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

---

[1] The undersigned notes that Plaintiff has filed a motion (Doc. 27), a separate memorandum in support of the motion (Doc. 28), an affirmation in support of the motion (Doc. 29), and an amended affirmation in support of the motion (Doc. 30).   Pursuant to Local Rule 3.01(a), a motion "must include – in a single document no longer than twenty-five pages inclusive of all parts – a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."   Thus, Plaintiff has failed to comply with the requirements of Local Rule 3.01(a).   However, given that the motion is unopposed, the undersigned recommends that the Court consider the motion on its merits despite this deficiency.

[2] When attorneys' fees are awarded under both § 406(b) and the EAJA, a social security claimant's attorney must either refund to the claimant the EAJA fees previously received or allow the EAJA fee to be deducted from the amount of withheld past-due benefits.   *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).   Attorney Pierre has elected to pursue the latter approach.

42 U.S.C. § 406(b)(1)(A).³  The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id*. § 406(b)(2).   Thus, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  *Id*. at 1277.   Thus, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover his attorney's fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits.   *Id*.

The reasonableness of attorneys' fees under § 406(b) depends upon whether

---

³ In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).  In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the twenty-five percent limit on the amount of fees that could be awarded from past-due benefits.  *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).  Accordingly, here, the Court need not consider any § 406(a) fees awarded to the claimant's attorney at the administrative level.

the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely upon the existence of a contingency fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002). Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each particular case. *Id*.

In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings. *See id*. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

**III.   ANALYSIS.**

Attorney Pierre represented Plaintiff before this Court.  (Doc. 1).  The case was remanded to the Commissioner, who found that Plaintiff was disabled and, as a result, awarded her a total of $55,601.00 in past-due benefits.  (Docs. 22, 30-2).  Thus, Attorney Pierre is entitled to an award of attorneys' fees under § 406(b).  *See Bergen*, 454 F.3d at 1271.

Plaintiff entered into a contingency fee agreement, in which she agreed to pay Attorney Pierre and his law firm a fee of up to twenty-five percent of the total amount of the past-due benefits ultimately awarded.  (Doc. 30-1).  Attorney Pierre seeks a total of $6,158.32 in § 406(b) fees, representing twenty-five percent of the total amount of the past-due benefits after deduction of the prior award of attorney's fees under the EAJA.  (Doc. 30, at 2-3).  The presence of the contingency-fee agreement favors a finding that the requested amount is reasonable.  *See Wells*, 907 F.2d at 371.

In addition, in support of the motion, Attorney Pierre represents that his law firm expended 40.27 attorney hours and 4.91 paralegal hours of work on Plaintiff's behalf in this case.  (Doc. 30, at 3; Doc. 30-3).  My review of the file reflects that this was a contested matter before this Court, and there is no showing that counsel unreasonably delayed the proceedings.  The administrative record was 522 pages long, and the Court gave the matter careful review.  (Docs. 13, 20, 21-22).  As a

result of the work of counsel, Plaintiff was successful on remand of her claims for further consideration. Attorney Pierre undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Plaintiff's request for disability benefits. Under these circumstances, and absent any objections, I find that Attorney Pierre's request for $6,158.32 in attorneys' fees under § 406(b) is reasonable in this case.[4]

## IV.   RECOMMENDATION.

Based on the foregoing, **I RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. 406(b)(1) (Doc. 27) and **ORDER** that Attorney Pierre is allowed to charge Plaintiff a fee under § 406(b) in the amount of $6,158.32.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's

---

[4] The undersigned notes that in the motion, Attorney Pierre states that pursuant to Federal Rule of Civil Procedure 54(d)(2), motions for attorneys' fees generally must be made within 14 days after judgment, and thus that the present motion is untimely. (Doc. 28, at 5-6). Attorney Pierre asks the Court to excuse his late-filed motion. (*Id.*). However, this Court's Standing Order on Management of Social Security Cases, No. 3:21-mc-1-TJC (Dec. 7, 2021), states, in relevant part, as follows: "Notwithstanding Federal Rule of Civil Procedure 54(d), a plaintiff's lawyer requesting an attorney's fee under 42 U.S.C. § 406(b)… must move for the fee within sixty days of the date on the agency's letter stating the amount of past-due benefits." The letter from the Social Security Administration stating the amount of past-due benefits awarded to Plaintiff is dated August 7, 2021, *see* Doc. 30-2, at 1, and Plaintiff filed the present motion on September 27, 2021. Thus, the undersigned finds that the motion is timely.

factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 10, 2022.

*Leslie R. Hoffman*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record